UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DEMETRIUS FELICIANO,

|  |  |
|---|---|
| Plaintiff, | **THIRD AMENDED COMPLAINT** |
| -against- | Plaintiff Demands Trial by Jury |
| CITY OF NEW YORK and<br>DETECTIVE PAUL ORTIZ, | 19-CV-1379 (EK)(SMG) |

Defendants.
-------------------------------------------------------------X

Plaintiff DEMETRIUS FELICIANO by and through his attorney, Alexis G. Padilla, Esq.,

complaining of the defendants CITY OF NEW YORK and DETECTIVE PAUL ORTIZ

("ORTIZ"), upon information and belief hereby state the following:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff, DEMETRIUS FELICIANO seeks

relief for the defendants' violation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. §

1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff

seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and

such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and

Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court

by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the

plaintiff's constitutional and civil rights.

3.      Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events

giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5.      Plaintiff is a United States citizen of full age residing in Kings County, New York.

6.      Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

7.      Defendant DETECTIVE PAUL ORTIZ was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant ORTIZ acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

8.      On or about October 3, 2018 at approximately 6:00 a.m., plaintiff was asleep inside of apartment 4F at 370 Bushwick Avenue in Brooklyn when an NYPD warrant squad that included defendant DETECTIVE PAUL ORTIZ, forcibly entered the premises.

9.      Defendant ORTIZ found plaintiff, a 15-year-old high school student sleeping under a blanket on the floor in a bedroom.

10.     Defendant ORTIZ was the first officer to enter the room.

11.     Defendant ORTIZ shouted at plaintiff and told him to get up.

12.     When D.F. did not immediately respond, defendant ORTIZ forcefully kicked plaintiff in his side, causing plaintiff to experience excruciating pain and injury, including but not limited to a large contusion to his chest wall.

13.     Plaintiff was then placed in handcuffs and detained for approximately two hours.

14.     After the incident, plaintiff immediately went to the Wyckoff Heights Medical Center, where he was diagnosed with a chest wall contusion and treated for pain.

15.     At no time during the course of events described above did plaintiff commit any act for which force would be a reasonable response.

16.     At no time during the course of the events described above did plaintiff resist, obstruct or otherwise refuse to comply with a valid police order.

17.     At no time during the course of the events described above did DETECTIVE ORTIZ have probable cause to believe that force was necessary to overcome resistance from plaintiff.

18.     At no time during the course of the events described above did ORTIZ have any reason to believe that plaintiff posed a threat to his safety or the safety of any other officers who may have been present or the safety of anyone else.

19.     As a result of defendant ORTIZ's unconstitutional use of force, plaintiff did suffer physical pain, emotional distress, mental anguish and public humiliation.

## AS FOR A FIRST CAUSE OF ACTION

*Excessive Force in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution as against DETECTIVE PAUL ORTIZ*

20.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

21.     At all times during the events described above defendant DETECTIVE ORTIZ lacked probable cause to use force against plaintiff.

22.     All of the aforementioned acts of defendant DETECTIVE ORTIZ were carried out under the color of state law.

23.     All of the aforementioned acts of DETECTIVE ORTIZ deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

24.     The acts complained of were carried out by the defendant DETECTIVE ORTIZ in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

25.     The acts complained of resulted in pain and injury to plaintiff.

26.     The acts complained of deprived plaintiff of his right to be free from excessive force.

## AS FOR A SECOND CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

27.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

28.     The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the

defendant DETECTIVE ORTIZ.  The conduct of the defendant was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

29.    At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to resort to force without probable cause and in flagrant violation of his sworn oath to uphold the Constitution.

30.    At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force of the sort described in this complaint.

31.    As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

32.    The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: September 17, 2021

Brooklyn, NY

By:      */s/Alexis G. Padilla*
Alexis G. Padilla, Esq. [AP8285]
*Attorney for Plaintiff*
378 Lewis Avenue #6
Brooklyn, NY 11233
Tel. 917 238 2993
alexpadilla722@gmail.com